JOHN C. CLAPP v. FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION OF NORTH CAROLINA.

(Decided April 17, 1900.)

*Insurable Interest—Equitable Interest—Information to Agent.*

1. Where the plaintiff bought the property insured jointly with another and took a bond for title upon payment of the purchase money, and paid his proportional part thereof, he had an equitable interest, and therefore an insurable interest in the property.

2. Knowledge of the agent is knowledge of the principal, and when the agent was correctly informed in advance of the plaintiff's limited interest in the property, and issued the policy with full knowledge, the company will not be allowed to refuse payment for the loss, on that account.

3. The failure to give notice of the fire in writing, and to make proof of loss, as required by terms of the policy, will not avail as a defense, when the jury find that there was a waiver by the defendant of these requirements.

CIVIL ACTION upon contract of insurance against fire, tried before *Timberlake, J.,* at May Special Term, 1899, of GUILFORD Superior Court.

The following are the issues, with the responses of the jury:

1. Was the dwelling-house and furniture of the plaintiff insured in the defendant company on the night of the 14th of January, 1897?    Answer.    "Yes."

2. Was it insured under policy terms of which were like Exhibit "A" or Exhibit "B"?    Answer.    "A".

3. Did the plaintiff at the time of taking said insurance on the house conceal from the defendant insurance association the fact that he was not the owner in fee-simple absolute of said land and house and fail to disclose the fact that he only held a bond for title jointly with another, and that the property was not paid for, but a large part of the purchase money was still due thereon?    Answer.    "No."

4. What was the actual cash value of the house at the time of the fire?    Answer.    "$450.00."

5. If any furniture was destroyed by fire, what was the actual cash value of the part so destroyed?    Answer.    "$1.00."

6. Did the plaintiff give notice to the defendant association in writing of the fire, and make proof of loss as required by terms of said policy?    Answer.    "No."

7. Did the defendant association so waive the giving of notice and making proof of loss as required by terms of policy?    Answer.    "Yes."

There were no exceptions to the evidence or instructions. Upon the facts found by the jury, his Honor held that the plaintiff was entitled to judgment, and rendered judgment in his favor for $338.25, being three-fourths value of the property destroyed by fire, as per terms of insurance.

Defendant excepted, and appealed.

CLAPP *v.* INSURANCE CO.

*Messrs. J. T. Morehead, and L. M. Scott, for appellant.*
*Mr. John A. Barringer, for appellee.*

DOUGLAS, J.   This is an action upon an alleged contract
of insurance to recover for the loss of property by fire.   The
defendant refused to pay any part of the loss on the ground
that "the interest of the insured in the property was other than
an unconditional, unincumbered and sole ownership of the
property insured," and that therefore the policy was void
in accordance with its express provisions.   It further alleged
that the insured had failed to give the notice required by the
policy, and that the property was overvalued.   The plaintiff
alleged that at the time the policy was issued he had fully
divulged to the agent of the defendant the exact nature of
his interest in the property, and that he notified the defend-
ant of the loss immediately after the fire, whereupon the
defendant absolutely refused to pay any part of the insurance.

The following are the material parts of the case on appeal:

"It was admitted by the plaintiff in his reply, and also in
open court, that he held the real estate upon which the build-
ing burned was situate at the time of the alleged contract of
insurance was made, under a bond for title executed by Jacob
Clapp to plaintiff and a brother, Simeon Clapp, since
deceased intestate, jointly, on the 27th of December, 1882,
and that purchase money, $4,250.00, had not been paid, nor
any part thereof except the sum of $2,250.00, paid by plain-
tiff soon after title bond was executed.

It was in evidence that the estate of Simeon Clapp,
co-obligee in the bond for title was insolvent, and that he
left surviving several brothers, his heirs-at-law, and that an
administrator of his estate had been duly qualified as such.

It was further admitted in the course of the trial that the
defendant association's liability was three-fourths of the

value of the property destroyed at the time of its destruction, if liable at all.

Upon return of the verdict the plaintiff moved for judgment, which defendant met with a counter motion, that upon the verdict and admissions of fact plaintiff was not entitled to judgment, and insisted that the heirs-at-law and personal representative of Simeon Clapp should be made parties and one-half of the recovery be for them.

His Honor held that plaintiff was entitled to judgment. The defendant excepted.

The defendant then insisted that if entitled to judgment the plaintiff was entitled to recover only *pro rata* his interest in the value of the property when destroyed, to-wit: one-half of three-fourths the value as found by the jury.

The Court was of a different opinion and gave judgment accordingly. Defendant excepted and appealed, assigning as error: "The ruling of his Honor in not making the heirs-at-law and personal representatives of Simeon Clapp parties, and in not rendering judgment for them for one-half amount of recovery; and that plaintiff was entitled to judgment for three-fourths of the value of the property destroyed as found by the jury, and in giving the judgment as set out in the record."

The jury found all the issues in favor of the plaintiff, whereupon the Court rendered judgment for three-fourths of the value of the property destroyed.

There are no exceptions to the evidence or instructions, and therefore the facts are settled beyond question. The only exceptions relate to the rulings of his Honor on pure questions of law, and in them we see no error. The plaintiff, having bought the land jointly with his brother and having paid $2,250 of the purchase money, had an equitable interest in the property, and therefore an insurable interest.

This interest he stated fully and correctly to the agent of the defendant, whose knowledge was the knowledge of his principal. There is no question as to the authority of the agent to issue the policy, and, as he issued it with full knowledge of the plaintiff's limited interest in the property, the defendant can not now be heard to dispute the validity of the policy on that ground alone. There was no contract, express or implied, between the defendant and Simeon Clapp, and therefore the representatives of the latter have no interest whatever in the policy. The plaintiff did not profess to be acting for anyone else, and insured only his own interest in the property. It is admitted that Simeon Clapp paid nothing on the land, and that his estate is insolvent. If, therefore, he and the plaintiff gave their joint notes for the purchase money, as is usual, the plaintiff would be personally liable for the unpaid balance. Surely he has an insurable interest in property on which he has already paid a large sum, and the full value of which he may be called on to pay.

These questions have been so fully discussed in the recent case of *Grabbs v. Insurance Co.*, 125 N. C., 389, that it is unnecessary to repeat the argument or the authorities therein cited. See also *Horton v. Insurance Co.*, 122 N. C., 498. The jury found that there was a waiver of the notice and proof of loss required by the terms of the policy, and we find no exception involving the question, nor does anything appear impeaching the propriety of the finding. The judgment is
Affirmed.