SUDIE S. DOZIER v. D. R. LEARY AND WIFE, W. T. LEARY AND WIFE, ALFRED V. EVERETT AND ZILLIA EVERETT, HIS WIFE, AND J. E. OWENS AND WIFE.

(Filed 12 September, 1928.)

**Bills and Notes—Negotiability and Transfer—Transfer without Endorsement.**

> Where a note, secured by a mortgage, is executed to husband and wife they hold title as tenants in common, and where a decree of partial divorce is granted, and the husband transfers his interest in the notes to his mother by a registered paper-writing, and there is evidence that the paper was signed in his handwriting, and the wife claims that certain money for the support of their children has not been paid: *Held*, in an action by the mother for one-half the proceeds of the note, the registered paper-writing is competent evidence of the transfer of interest, C. S., 3030, unless otherwise inadmissible, and the effect of the decree of divorce and the question of fraud between the assignor and assignee are matters to be presented in course of procedure, and a judgment of nonsuit should not be granted.

APPEAL by plaintiff from judgment of nonsuit rendered by *Barnhill, J.,* at May Term, 1928, of CURRITUCK. Reversed.

*Aydlett & Simpson for appellant.*
*Ehringhaus & Hall for appellees.*

ADAMS, J. The only question for decision is whether the trial court erroneously dismissed the action as in case of nonsuit.

On 20 December, 1923, D. R. Leary and W. T. Leary, with the joinder of their wives, executed and delivered to Alfred V. Everett and his wife, Zillia Everett, a mortgage on certain real estate to secure two notes amounting to $2,150, one of which was payable 1 January, 1926, and the other 1 January, 1927. Bearing even date is another mortgage on this land which the same mortgagors executed to J. E. Owens and his wife to secure a note for $850 maturing on the first day of January, 1925. Zillia Everett having obtained a decree for partial divorce is not living with her husband. The plaintiff, who is the mother of Alfred V. Everett, alleged that he had assigned to her all his right, title, and interest in the two notes for $2,150; that she owned a one-half interest therein; that Zillia Everett, the owner of the remaining interest, had the notes in her possession; and that the plaintiff was entitled to a sale of the mortgaged premises and to payment out of the proceeds of her interest in the secured notes.

Since it is admitted that the note executed to J. E. Owens and his wife has been paid they have no further interest in the controversy; and as D. R. Leary and W. T. Leary, upon alleging in their answer

that they were ready and able to pay their notes as soon as the title thereto should be determined, were permitted by an order of court to pay the full amount of their indebtedness into the office of the clerk and thereupon to be discharged from further liability, they likewise have no interest in the ultimate result of the plaintiff's contention. It was admitted that the notes in question were made to Alfred V. Everett and his wife Zillia. As an estate by entireties in personal property is not recognized in our law these payees held title to the notes as tenants in common. *Winchester v. Cutler,* 194 N. C., 698; *Turlington v. Lucas,* 186 N. C., 283. Indeed, in her answer Zillia Everett admitted that she and her husband had held the notes as joint owners, but alleged that under the decree granting her partial divorce he was required to provide for the support of his children, and that execution had been issued and a lien had been acquired upon his interest in the notes. There was no evidence, however, to this effect, judgment of nonsuit having been granted at the conclusion of the plaintiff's evidence. All the admissions in the pleadings were introduced, and in the absence of evidence tending to show that Zillia Everett had any interest in the notes other than that of a tenant in common she cannot contest her husband's right to dispose of his interest. Under these circumstances the parties chiefly interested are the plaintiff and her son, the assignor. The plaintiff offered in evidence a written instrument purporting to have been signed by Alfred V. Everett in which he "does agree and sell to the plaintiff for the sum of nine hundred dollars all intress and money due him" on the notes. This paper was registered, and if it be conceded that its registration was not authorized by law or that the probate was insufficient, there was other evidence, nevertheless, which tended to prove that the signature was in Alfred's handwriting; so as between the parties the instrument would have been competent evidence unless otherwise inadmissible. Its introduction was resisted, we presume, on the latter ground. True, it contains a provision that the plaintiff "agrees in case of death return to Alfred V. Everett her son the seller, all money, moorgue and notes"; but these two parties are living and Alfred does not resist the plaintiff's recovery. The interest, if any, which the next of kin would have in the event of the plaintiff's death involves a question not embraced in the record. Moreover, though the paper is dated 16 October, 1925, the plaintiff, according to her testimony, purchased her son's interest in the notes on 1 January, 1925, and made the last payment of $450 before the alleged assignment was executed. When suit was brought the notes were held by Zillia Everett. Alfred therefore did not transfer his interest in the notes by endorsement, but endorsement is not the only mode by which such an interest may be assigned. C. S., 3030. Considering the evidence in the light most

favorable to the plaintiff we conclude that his Honor inadvertently dismissed the action. The effect of the decree in the suit for divorce and the question of fraud between the assignor and the assignee of the notes are matters which must be presented in the orderly course of procedure. The judgment of nonsuit is

Reversed.