F. F. SHORES AND WIFE MARY LEE SHORES v. JAMES L. RABON AND NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.

(Filed 29 January, 1960.)

**1. Insurance § 72—**

Where husband and wife sell lands held by entireties and take a note secured by a deed of trust in part payment of the purchase price, the wife's interest in the note is personalty and she owns no interest in the dwelling on the land so as to bring her within the purview of G.S. 58-180.1 and, therefore, she is not covered by the mortgage clause in a policy of fire insurance on the premises in which she is not named.

**2. Same—**

The fact that a loss payable clause names the holder of the notes secured by the deed of trust, rather than the trustee, is immaterial, since the holder of the note secured by the deed of trust has an insurable interest that will be recognized under the terms of the standard mortgage clause.

**3. Same—**

A standard mortgage clause in a policy of fire insurance operates as a distinct and independent contract between the insurer and the mortgagee, effecting a separate insurance of the mortgage interest.

**4. Same—**

The mortgagee named in a standard mortgage clause of a fire insurance policy is not under duty to give insurer notice of foreclosure of the property, nor is he under duty to give notice of the change of ownership incident to foreclosure until the moment of delivery of the deed to the purchaser at the sale. If the property is purchased at the foreclosure sale by the mortgagee or the *cestui que trust* named in the loss payable clause there is no change of ownership within the purview of the loss payable clause.

**5. Same—**

Provision in a loss payable clause that the mortgagee should give insurer notice of a change of ownership which has come to his knowledge is not a condition precedent but merely requires the mortgagee to give notice of a change in ownership affecting the risk within a reasonable time.

**6. Same— Where wife purchases property at foreclosure for benefit of herself and husband, the husband named in the mortgage clause may recover on fire insurance policy.**

Husband and wife owning realty by the entireties sold same taking a purchase money deed of trust. The husband was named as beneficiary in the mortgage clause in a fire insurance policy taken out by the mortgagor. The deed of trust was foreclosed and the property bought in by the wife, and deed to her was executed by the trustee pursuant to the foreclosure, but it was admitted by insurer that the wife was acting for herself and as agent for her husband in bidding in the property. The day after the trustee's deed was delivered to the wife the dwelling on the land

was destroyed by fire. *Held*, the husband is entitled to recover on the loss payable clause the amount due him on the note secured by the deed of trust, since even though the purchase by the wife be considered a change in ownership, reasonable time for the husband to give notice to the insurer had not expired at the time of the fire, and insured's admission that the wife purchased the property for the benefit of herself and her husband precludes insurer from asserting that the husband had no interest therein.

7. **Same—**

The mortgagee in a standard mortgage clause has a reasonable time after knowledge to notify insurer of a change in ownership, and while what is a reasonable time is ordinarily a question for the jury, forfeiture for failure to give notice will be denied as a matter of law when notice is given upon the destruction of the property by fire less than ten days after the change of ownership, since even had notice been given, insurer could not terminate the insurance under the loss payable clause until ten days after change of ownership.

APPEAL by defendant Insurance Company from *Thompson, J.,* August, 1959 Civil Term, of UNION.

This cause was heard upon the admissions in the pleadings and stipulations of the parties. The facts are not in dispute.

Plaintiffs owned a tract of land, situate in Union County, as tenants by the entirety. On 3 September 1953 they conveyed it to C. W. Reece and wife, Pearle W. Reece. On the same date Reece and wife executed and delivered to plaintiffs a promissory note in the amount of $15,000.00 and executed and delivered a deed of trust in favor of plaintiffs, who were named as beneficiaries therein, to secure the payment of the note. Reece and wife defaulted. At the request of plaintiffs and after due advertisement, the trustee sold under the power of sale, at public outcry, the tract of land on 19 December 1957. Mary Lee Shores, feme plaintiff, "for herself and as agent for her husband" became the successful bidder at the price of $15,439.38. The bid remained open for more than 10 days and no upset bid was filed. The clerk of superior court confirmed the sale and ordered the trustee to convey the property to the purchaser. Foreclosure deed to Mary Lee Shores was executed 31 December 1957 and duly recorded 4 January 1958. On 5 January 1958, while Reece and wife were away from home, the dwelling house was destroyed by fire.

Prior to the beginning of foreclosure proceedings defendant insurance company issued to Reece and wife a policy of fire insurance with $8,000.00 coverage on the dwelling house, with standard mortgage clause in favor of F. F. Shores, male plaintiff. Premium had been paid by Reece and wife for the period from 19 July 1957 to

19 July 1958. No notice of foreclosure proceedings and sale and conveyance of the land pursuant thereto had been given insurer prior to the fire loss and the policy of insurance had not been transferred to Mary Lee Shores. The fire loss exceeded $8,000.00. Plaintiffs filed proof of loss and demanded payment of the $8,000.00 coverage. Defendants refused payment and this action was instituted.

The pertinent provisions of the standard mortgage clause in favor of F. F. Shores are as follows:

"Loss, if any, on building items under this policy, shall be payable to the mortgagee (or trustee) as provided herein, as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy: . . .

"Provided . . . That the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard, which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise, this policy shall be null and void.

"This company reserves the right to cancel this policy at any time as provided by its terms, but, in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee), of such cancellation, and shall then cease, and this Company shall have the right, on like notice, to cancel this agreement."

The action against defendant Rabon, general insurance agent, was dismissed on demurrer *ore tenus.*

The court entered judgment in favor of plaintiffs and against insurer in the amount of $8,000.00 and interest. Insurer appealed and assigned error.

*O. L. Richardson and William G. Pittman for plaintiffs.*
*Smith & Griffin for defendants.*

MOORE, J. Insurer insists the court below committed error in overruling its demurrer *ore tenus* and rendering judgment for plaintiffs.

It contends: (1) Feme defendant was not named in the policy and was not insured thereunder. (2) Male defendant's status as mortgagee was extinguished by the foreclosure sale, and the execution and delivery of the foreclosure deed and the change of ownership thereunder. (3) Male defendant violated a condition of the insurance contract by failing to give notice of the change of ownership.

Mary Lee Shores, feme plaintiff, was not a named insured in the mortgage clause. She contends that her interest is protected and she is insured according to the terms of the mortgage clause by virtue of G.S. 58-180.1 which provides as follows: "Any policy of fire insurance issued to husband or wife, on buildings and household furniture owned by the husband and wife, either by entirety, in common, or jointly, either name of one of the parties in interest named as the insured or beneficiary therein, shall be sufficient and the policy shall not be void for failure to disclose the interest of the other, unless it appears that in the procuring of the issuance of such policy, fraudulent means or methods were used by the insured or owner thereof."

This statute relates to "any policy of fire insurance issued to husband or wife, on buildings and household furniture *owned* by husband and wife, either by entirety, in common, or jointly . . ." (Emphasis ours). The owner is "The person in whom is vested the ownership, dominion, or title of property; proprietor." Black's Law Dictionary. Plaintiffs owned an estate by the entirety in the land, but conveyed the land to Reece and wife and took from them a note secured by a deed of trust. The note and the security therefor are considered personal property, a chose in action, and the husband and wife are tenants in common with respect to the ownership thereof. *Turlington v. Lucas*, 186 N.C. 283, 119 S.E. 366. See also *Bowling v. Bowling*, 243 N.C. 515, 91 S.E. 2d 176; *Wilson v. Ervin*, 227 N.C. 396, 42 S.E. 2d 468; *Dozier v. Leary*, 196 N.C. 12, 144 S.E. 368. We must conclude that plaintiffs were not *owners* of buildings within the purview of the statute and G.S. 58-180.1 does not apply in this case. There is nothing to indicate that insurer had notice of or was requested to insure the interest of the feme plaintiff. There is nothing in the policy or mortgage clause to indicate an intention to insure her interest or from which such intention may be inferred. Her one-half interest is her sole and separate property and her husband has no ownership, dominion or control with respect thereto and is not her agent in the management thereof, in the absence of positive evidence to the contrary. G.S. 52-1. We conclude that the interest of Mary Lee Shores was not insured under the mortgage clause.

The male plaintiff as beneficiary in the deed of trust had an in-

surable interest. "Any interest is insurable if the peril against which insurance is made would bring loss upon the insured, by its immediate and direct effect, a pecuniary loss." *Bank v. Assurance Co.*, 188 N.C. 747, 751, 125 S.E. 631. Ordinarily the trustee in a deed of trust is named insured in a mortgage clause, for this protects all beneficiaries. And, too, the trustee holds the legal title. *Riddick v. Davis*, 220 N.C. 120, 16 S.E. 2d 662. But where a holder of a note secured by a deed of trust is named insured, he has an insurable interest that will be recognized by the court under the terms of the standard mortgage clause.

Even so, insurer contends that the relationship of mortgagor-mortgagee between the owners and F. F. Shores was extinguished by the foreclosure sale and that the change of ownership and failure to give notice thereof terminated the insurance contract as to the male plaintiff.

"It is the accepted position in North Carolina and most other states that when the standard or union mortgage clause is attached to or inserted in a policy insuring property against loss, it operates as a distinct and independent contract between the insurance company and the mortgagee, effecting a separate insurance of the mortgage interest." *Green v. Insurance Co.*, 233 N.C. 321, 325-6, 64 S.E. 2d 162, and authorities cited. This principle has been so steadfastly adhered to by this Court and for such long duration that it must be assumed that insurance companies contract and fix rates in full contemplation of the risk imposed thereby.

It was alleged by plaintiffs and admitted by insurer that Mrs. Shores purchased at the foreclosure sale "for herself and as agent for her husband." The deed was made to Mrs. Shores. The mortgage clause plainly provides that "Loss . . . shall not be invalidated by . . . any foreclosure or other proceedings or notice of sale relating to the property . . ." Surely the possibility exists in every instance where a standard mortgage clause is attached to a policy that there will be a foreclosure. The contract requires on the part of the mortgagee no notice of a foreclosure. We assume that the risk of foreclosure entered into the calculations of the insurer in issuing the contract. The fact that there was a foreclosure in the instant case did not extinguish mortgagee's insurance. The mortgage clause further provides "that the mortgagee . . . shall notify this Company of any change of ownership . . . which shall come to the knowledge of said mortgagee . . . and, unless permitted by this policy, it shall be noted thereon, . . .; otherwise this policy shall be null and void." Having admitted that Mrs. Shores purchased "for herself and as agent for her husband," insurer is in no position to deny that the male plaintiff acquired un-

der the foreclosure proceedings an estate in the land. It is unnecessary to decide whether a tenancy by the entirety or a tenancy in common was thereby created as between the plaintiffs. A husband has an insurable interest in an estate by the entirety which runs to the whole of the property and covers the entire estate. *Carter v. Insurance Co.,* 242 N.C. 578, 89 S.E. 2d 122. Likewise a tenant in common has an insurable interest in property. *Clapp v. Insurance Co.,* 126 N.C. 388, 35 S.E. 617. If male plaintiff acquired only a one-half undivided interest as tenant in common, this corresponds to his interest as mortgagee in the note and deed of trust.

"Under a policy containing a union or standard mortgage clause, the mortgagee's interest is regarded as separately and independently insured, and his acquisition of title to the insured property is generally regarded as an increase of interest, rather than a change of ownership." 29 Am. Jur., Insurance, sec. 651, p. 515. By the overwhelming weight of authority a "deed to the mortgagee upon foreclosure of the mortgage does not defeat the right of the mortgagee under a standard or union mortgage clause, despite the argument that the word 'mortgagee' in that clause discloses an intention to benefit one in that capacity only, and the contention based on the provisions of that clause requiring the mortgagee to notify the insurer of any change of ownership which shall come to (his) knowledge . . ." 29 Am. Jur., Insurance, sec. 554, p. 451; Anno: 45 A.L.R. 598 *et seq.*

In *Insurance Co. v. Insurance Co.* (S.D. 1939), 287 N.W. 46, 124 A.L.R. 1027, the facts and contentions of insurer were similar to those in the instant case. The Court said: "The response of the courts to these contentions may be thus epitomized: It is concluded that the word 'mortgagee' is a mere matter of convenient description or designation, and was not intended to limit the primary agreement to pay the loss to the beneficiary 'as his interest may appear.' It is held that provisions dealing with 'change of ownership' apply only to strangers to the insurance contract and were inserted to permit the insurer to gauge the moral hazard involved and to select those with whom it will contract. It passed judgment, so they say, upon the mortgagee when it wrote the policy. The transfer, they assert, does not operate to increase the interest of the mortgagee."

In an analogous situation, the Court in *Insurance Co. v. Ritter* (N. J. 1933), 164 A. 426, 428, reasoned: "No new person became a party to the insurance contract at the foreclosure sale, and there was no change of risk except by the withdrawal of the interest of the moragagor and the increase of the amount of interest of the mortgagee. The parties to the contract were the same after the sale. The fore-

closure did not constitute such a change of ownership as would invalidate the policy, though no notice of such foreclosure was given to the company."

With respect to the matter of notice of "change of ownership" in a similar factual situation, it was said: " 'the proviso that the mortgagee should notify the defendant of any change of ownership which should come to its knowledge evidently has reference only to changes resulting from the acts of the mortgagor or owner of the equity of redemption.' The proviso has reference to a change or transfer of title or possession to a third person, not to one from the mortgagor to the mortgagee through a foreclosure." *Loan Co. v. Insurance Co.,* (Minn. 1897), 70 N.W. 979, 980. See also *Mill Co. v. Fire Ass'n.* (Minn. 1895), 61 N.W. 828; *Deposit Co. v. Insurance Co.* (Pa. 1955), 117 A. 2d 824; *Loan Ass'n. v. Insurance Co.* (Kan. 1906), 86 P. 142; *Trust Co. v. Trypuc* (N.Y. 1952), 110 N.Y.S. 2d 368; *Insurance Co. v. Loan Ass'n.* (CCA 8, 1926), 14 F. 2d 524; *Insurance Co. v. Drury* (Md. 1926), 132 A. 635, 45 A.L.R. 582.

Insurer asserts that acquisition of title, in whole or in part, by feme plaintiff constituted a "change in ownership" to a stranger to the contract and the failure of the husband mortgagee to give notice of the change worked a forfeiture of the insurance coverage. The law does not favor forfeitures and a provision in a standard mortgage clause requiring the mortgagee to give insurer notice of a change of ownership which has come to his knowledge is not a condition precedent, but is a covenant and directory only and merely requires the mortgagee to give notice to the insurer within a reasonable time after the knowledge is acquired and failure to give notice will not forfeit rights under the insurance contract unless the prohibited change is such as to increase the risk. 45 C.J.S., Insurance, sec. 563, p. 322; *Loan Ass'n. v. Insurance Co.* (Pa. 1916), 66 Pa. Super. 90; *Insurance Co. v. Bank* (CC4C 1933), 65 F. 2d 738, cert. denied 290 U.S. 679; *Insurance Co. v. Loan Ass'n.* (CC8C 1927), 19 F. 2d 134; *Insurance Co. v. Trust Co.,* (Neb. 1894), 60 N.W. 133; *Insurance Co. v. Insurance Co.* (Texas 1948), 209 S.W. 2d 654. As already indicated, mortgagee was under no duty to give notice of the foreclosure proceedings. The duty to give notice of change of ownership did not arise until the deed was actually delivered. Until moment of delivery of the deed there remained a possibility of redemption by the owners. Ordinarily what is a reasonable time is a question for the jury, but we hold, as a matter of law, that delay of five days in giving notice was not unreasonable under the circumstances here presented. Had notice been given at the very moment of delivery of the deed, mort-

gagee would have been entitled, under the terms of the mortgage clause, to ten days notice of cancellation before termination of the insurance contract by insurer. Furthermore, it is inconceivable that vesting of title in the wife increased the hazard. The change of ownership in this case did not extinguish insurer's liability.

The fact that the purchase might have created a tenancy by the entirety in plaintiffs does not enlarge the rights of either of the plaintiffs under the insurance contract. The contract will be construed as of the time of making.

The judgment below is modified to the extent that no recovery is allowed by the feme plaintiff. The case is remanded that the court may determine the amount of indebtedness, with interest, due the male plaintiff as of 5 January 1958, to wit, one-half of the total indebtedness evidenced by the promissory note from Reece and wife to plaintiffs. This amount (not to exceed $8,000.00) with interest shall be the recovery allowed male plaintiff. In determining this indebtedness, the foreclosure sale shall not be construed to have extinguished the debt.

Modified and remanded.