**In re Julius BERKOVICS, Debtor.**

**Bankruptcy No. 84–00217–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

June 18, 1985.

Richard A. Bartl, Alexandria, Va., for debtor.

C. Waverly Parker, Stanardsville, Va., for plaintiff.

Robert O. Tyler, Williams, Myers & Quiggle, Alexandria, Va., Trustee in Bankruptcy.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

Ruby H. Beck, a creditor, objects to the exemption by the debtor of his interest in a promissory note held jointly with his non-debtor spouse. The note, which is secured by a deed of trust on real property in North Carolina, had an unpaid balance of approximately $52,000.00 when the petition was filed.

The debtor claimed exemption of the note, held as "joint tenants" with Margaret Berkovics, on his Schedule B–4 and in a Homestead Deed filed pursuant to the provisions of Virginia law. In both Schedule B–4 and the Homestead Deed, the debtor valued his interest in the note at $1.00.

The creditor's objections are that the property is not tenancy-by-the-entireties property, that a Homestead Deed does not operate to exempt such property, that the note is worth more than the $5,000.00 limit for exemption as homestead property, that the $1.00 value stated for the note is incorrect, and that the note itself "belongs in" the estate.

The note and the deed of trust securing it were given as purchase money for a parcel of North Carolina real property which the parties have stipulated was owned by the debtor and his wife as tenants by the entirety. The parties have stipulated further that spouses can own both realty and personalty as tenants by the entirety in Virginia but can own only realty as tenants by the entirety in North Carolina.

North Carolina does not recognize ownership of personal property as tenants by the entirety. *Turlington v. Lucas*, 186 N.C. 283, 119 S.E. 366 (1923). A note and deed of trust are personalty. *Eidman v. Martinez*, 184 U.S. 578, 22 S.Ct. 515, 46 L.Ed. 697 (1902). Even when the personalty is acquired as proceeds of the sale of real property held as tenants by the entirety, under North Carolina law the proceeds do not retain the beneficial incidents of the entireties property from which they arise.

*Shores v. Rabon*, 251 N.C. 790, 112 S.E.2d 556 (1960). Virginia law is *contra*. *Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661 (1963).

■ The debtor sold North Carolina real property and received the note and deed of trust in North Carolina. What was created as to tenancy, accordingly, was created in North Carolina and its character, accordingly, is governed by North Carolina law. *See, Jones v. Hook*, 23 Va. (2 Rand.) 312 (1824). As indicated previously, a note and deed of trust realized from the sale of real property are, under North Carolina law, strictly personalty. A husband and wife who may have owned the realty as tenants by the entirety nevertheless take and hold the proceeds as tenants in common. *Shores v. Rabon*, 251 N.C. at 792, 112 S.E.2d at 559. Thus, the note in controversy, being personalty, is held by the debtor and his wife as tenants in common.

At issue here are the creditor's right to execute on the note and the debtor's right to exercise whatever powers of exemption may be available to him.

Courts generally have held that it is the law of the forum which properly governs matters pertaining to the execution of judgments and the exemption of property from execution. The rule is based on the reasoning that exemption laws have no extra-territorial effect, will not be enforced by the courts of other states, and that questions concerning exemption of property from execution, being relevant only to the remedy, should be determined by the law of the forum in which enforcement of the remedy is being sought. *See, e.g., Sherwin-Williams Co. v. Morris*, 25 Tenn.App. 272, 156 S.W.2d 350 (1941); *Pinson v. Murphy*, 220 Ky. 464, 295 S.W. 442 (1927). North Carolina has followed the "law of the forum" doctrine, applying North Carolina exemption law in a garnishment action in which both the debtor and the creditor were Virginia residents and only the defendant-garnishee was in North Carolina. *Goodwin v. Claytor*, 137 N.C. 224, 49 S.E. 173 (1904).

■ Here, not only is Virginia the forum, it is also the residence of the debtor and the creditor and the situs of the property upon which the creditor seeks to execute. Accordingly, it is the exemption law of Virginia which governs here. The debtor is entitled to the full extent of the homestead and other exemptions afforded by Virginia.

It is not clear that the debtor ever sought to claim the note and deed of trust exempt as tenants-by-the-entirety property. Nor is there any indication that the debtor intended to use Schedule B–4 and his Homestead Deed to effect a tenancy-by-the-entirety exemption. The debtor's Schedule B–4 lists the property and states that exemption of the note is claimed pursuant to section 34–4 of the Virginia Code, the homestead exemption.

■ It is well settled in Virginia that a debtor may freely amend a Homestead Deed if the purpose of the amendment is simply to increase the value of one or more of the items listed therein. *In re Waltrip*, 260 F.Supp. 448 (E.D.Va.1966); *In re Maginnis*, 24 B.R. 146 (Bankr.E.D.Va.1982). Accordingly, the debtor is entitled to amend his Homestead Deed by raising the value claimed in the note up to the amount which, when added to the other property claimed, will protect the maximum $5,000.00 total permitted under section 34–4. A debtor also may amend his schedules "as a matter of course" any time prior to the closing of the case. R.Bankr.P. 1009.

The creditor's assertion that the note "belongs in" the bankruptcy estate for collection by the trustee is incorrect. Section 541(a)(1) of the Bankruptcy Code provides that the commencement of a bankruptcy case "creates an estate" comprising "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Exercise by a debtor of his rights under Section 522(b) to exempt certain property operates to extract from the estate the exempted proper-

ty and return it to the debtor for his "fresh start." 11 U.S.C. § 522(b); *see* H.Rep. No. 95–595, 95th Cong., 1st Sess. 360–61 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

▇▇▇ Here the debtor and his non-debtor spouse are co-owners of the note. As a co-tenant with his wife, the debtor individually holds only a one-half interest in the note, not the note itself. The debtor's interest in the note, worth approximately $26,000.00, became part of the estate when the petition was filed. The debtor has exempted a part of this interest and is entitled to amend his Homestead Deed to exempt up to that amount allowed under Virginia law. 1950 Code of Virginia § 34–4 (Repl.Vol.1984). The remainder of the debtor's interest in the note is part of the estate for the benefit of creditors.

Accordingly, for all the foregoing reasons, the objections of Ruby H. Beck to the debtor's exemption of the note and deed of trust herein are overruled in part and sustained in part. To the extent that the debtor has the right to avail himself of the amount of exemptions granted by Virginia law, the objections are overruled provided the debtor files a proper amendment to his Homestead Deed. With respect to that portion of the debtor's interest which exceeds the maximum exemption available to the debtor under section 34–4, the objections are sustained.

Ruby H. Beck also has objected to the debtor's exemptions for furniture, wages and insurance, on the basis that these are insufficiently described in the debtor's schedules and that the particular insurance is not exemptible by this debtor. These objections are not supported by any allegations of fact which would enable the Court to make a ruling. Accordingly, these objections are overruled to the extent that the debtor is entitled to further exemption provided a proper amended Homestead Deed is filed within thirty (30) days of the entry of the accompanying Order.