**CORRECTED OPINION**

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: RONALD C. HEIDEL,
Debtor.

ADAMAR OF NEW JERSEY,
INCORPORATED,
Plaintiff-Appellant,

v.                                                              No. 98-2146

RONALD C. HEIDEL,
Defendant-Appellee,

v.

RICHARD ALLEN BARTL, Trustee,
Party-in-Interest.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-98-508-A, BK-97-15145-MVB,
AP-97-1365)

Argued: March 4, 1999

Decided: July 20, 1999

Before WILKINS, MOTZ, and KING,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Russell Baird Adams, III, CHUNG & PRESS, P.C., McLean, Virginia, for Appellant. Kermit Arthur Rosenberg, Jr., HOLMES, ROSENBERG & DOHERTY, P.C., Arlington, Virginia, for Appellee. **ON BRIEF:** Daniel M. Press, CHUNG & PRESS, P.C., McLean, Virginia, for Appellant. Michael Doherty, HOLMES, ROSENBERG & DOHERTY, P.C., Arlington, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Adamar of New Jersey, Inc. ("Adamar") appeals from the district court's order affirming the decision of the United States Bankruptcy Court for the Eastern District of Virginia that the debtor, Ronald C. Heidel ("Heidel"), timely set aside two Individual Retirement Accounts ("IRAs") as exempt from the bankruptcy estate, pursuant to Virginia Code § 34-34. Because the bankruptcy court's findings of fact were not clearly erroneous, we affirm.

I.

On July 7, 1997, Heidel filed for Chapter 7 bankruptcy. At that time, Heidel filed his original "Schedule C-Property Claimed as Exempt" form with the bankruptcy court. That form listed "ERISA Benefits to $17500/year" as one of the claimed exemptions and identified Virginia Code § 34-34 as providing the basis for the claimed exemption.[1]

_____

[1] Virginia Code § 34-34(B) provides:

2

On August 14, 1997, as required by 11 U.S.C. § 341, a meeting of Heidel's creditors was convened. On August 18, 1997, Heidel timely filed his Homestead Deed in the bankruptcy court, which, again pursuant to Virginia Code § 34-34, claimed as exempt a "Pension/Retirement Plan" in the amount of $1.00. [2] Nine days later, on August 27, 1997, Heidel filed an "Amended Schedule C-Property Claimed as Exempt" with the bankruptcy court, which listed two IRAs as exempt. Again, the exemptions were claimed under Virginia Code § 34-34.

On September 15, 1997, pursuant to Bankruptcy Rule 4003(b), Adamar filed its objections to Heidel's claimed exemption of the IRAs. Adamar objected on the grounds that the IRAs had not been identified as exempt in accordance with the provisions of Virginia Code §§ 34-34 and 34-17.[3]

_____

> The interest of an individual under a retirement plan shall be exempt from creditor process to the extent provided under this section. The exemption provided by this section shall be available whether such individual has an interest in the retirement plan as a participant, beneficiary, contingent annuitant, alternate payee, or otherwise.

Va. Code Ann. § 34-34 (Michie 1996).

[2] Although Heidel's original Homestead Deed claimed a nominal amount as exempt under his "Pension/Retirement Plan," it is well settled in the Commonwealth of Virginia that "a debtor may freely amend a Homestead Deed if the purpose of the amendment is simply to increase the value of one or more of the items listed therein." In re Berkovics, 50 B.R. 223, 225 (Bankr. E.D. Va. 1985).

[3] Virginia Code § 34-17 controls when exemptions may be set aside. It provides, in pertinent part:

> [T]o claim an exemption in bankruptcy a householder who (i) files a voluntary petition in bankruptcy or (ii) against whom an involuntary petition in bankruptcy is filed shall set such real or personal property apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341, but not thereafter.

Va. Code Ann. § 34-17 (Michie 1990). Virginia Code § 34-34 incorporates by reference the time limits imposed by Virginia Code § 34-17. Va. Code Ann. § 34-34(G) (Michie 1996).

3

In considering and ruling upon Adamar's objections,[4] the bankruptcy court made the following findings and conclusions:

First, while Heidel did not specifically identify the two IRAs on his original Schedule C, the IRAs constituted personal property that would have been properly exempted under Virginia Code § 34-34.

Second, the bankruptcy court found that Heidel did timely file a Schedule C that noted he intended to claim "ERISA Benefits to 17.5 a year, Virginia Code Annotated 3434." In re Heidel, No. 97-15145, slip op. at 9 (Bankr. E.D. Va. Feb. 17, 1998). According to the bankruptcy court, by invoking Virginia Code § 34-34, Heidel gave proper notice that he was claiming certain retirement benefits as exempt.[5]

Third, the bankruptcy court found that the original Schedule C did, in fact, exempt Heidel's IRAs, which he later identified more specifically by amendment. The bankruptcy court analogized this situation to the accepted bankruptcy practice of listing exemptions in a nominal amount, then amending that amount at a later date.

Finally, in further response to Adamar's claim that Heidel failed to properly list his IRAs on his original Schedule C, the bankruptcy court found excusable neglect on the part of Heidel's counsel.[6]

_____

[4] The bankruptcy court initially sustained Adamar's objection, In re Heidel, No. 97-15145 (Bankr. E.D. Va. Dec. 22, 1997) (order sustaining objection). However, the bankruptcy court reversed its decision after holding a hearing on Heidel's motion to alter or amend the judgment. In re Heidel, No. 97-15145 (Bankr. E.D. Va. Feb. 17, 1998) (order granting motion to alter or amend judgment).

[5] Indeed, Adamar cannot argue that it did not have actual, timely notice that Heidel intended to exempt his IRAs from the bankruptcy estate. Heidel identified and attempted to exempt retirement benefits in his Homestead Deed. Heidel filed his Homestead Deed four days after the creditors' meeting, and within the time limit imposed by Virginia Code § 34-17. Adamar's only objection to Heidel's claimed exemption of the IRAs in the Homestead Deed is that the combined amount of the IRAs exceeds the statutory limitation on the amount a debtor may exempt in a Homestead Deed.

[6] In its argument to this court, Adamar disputes the assertion that the bankruptcy court made a finding of excusable neglect. However, our

4

Adamar appealed the bankruptcy court's decision to the United States District Court for the Eastern District of Virginia. The district court, holding that the bankruptcy court's findings of fact were not clearly erroneous, affirmed. For the reasons set forth below, we also affirm.

II.

It is clear that, as a matter of public policy, the Bankruptcy Code provides for a remedial and equitable proceeding, rather than a punitive one. As the Supreme Court has stated, "A central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." Grogan v. Garnes, 498 U.S. 279, 286 (1991).

In bankruptcy, the district court sits as an appellate court; therefore, our review of the district court's decision is plenary. In re Stanley, 66 F.3d 664, 667 (4th Cir. 1995). In essence, this Court stands in the shoes of the district court. Id. While conclusions of law are subject to de novo review, we review a bankruptcy court's findings of fact to

_____

reading of the record indicates otherwise. In our view, the bankruptcy court's finding of excusable neglect is properly characterized as an alternative holding. As the bankruptcy court stated:

> I'm looking at it now from the standpoint of an attorney who wants to file a schedule and try to do a proper job for his client and how you would look at it . . . . I'm going to permit the exemption, that it was excusable neglect, on the basis that it's on the form. It wasn't listed. You could make a deduction not too far in error that it was properly listed under Schedule C, albeit it was later amended. And I'm going to consider that to be the listing and the later filing to be the amendment, and permit the exemption.

In re Heidel, No. 97-15145, slip op. at 10 (Bankr. E.D. Va. Feb. 17, 1998) (emphasis added). However, because the bankruptcy court's factual finding that Heidel's original Schedule C did, in fact, operate to exempt his IRAs was not clearly erroneous, we need not reach the excusable neglect issue.

5

determine if they are clearly erroneous. In re Green, 934 F.2d 568, 570 (4th Cir. 1991). Findings of fact are clearly erroneous "when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id.

Here the bankruptcy court first found that Heidel's original Schedule C, as filed on July 7, 1997, was timely filed and that it served to set aside as exempt his two IRAs. The district court reviewed the findings of the bankruptcy court and concluded that those findings were not clearly erroneous.[7] We agree with the district court, and hold that the bankruptcy court was not clearly in error when it found that by noting "ERISA Benefits" on his original Schedule C, Heidel gave proper notice that he intended to claim certain retirement benefits as exempt and, therefore, exempted his IRAs, which he later added by amendment.[8]

_____

[7] As the district court stated:

> The Bankruptcy Court's finding of fact that Heidel set aside "ERISA Benefits under section 34-34" is not clearly erroneous. Judge Bostetter found that using a computerized list of possible exemptions is similar to listing exemptions in a nominal amount, to be amended later.

> Nor will this Court overturn the Bankruptcy Court's finding that, by noting "ERISA Benefits under Section 34-34" Heidel also exempted his IRA accounts, which he later added by amendment. By referring to Virginia Code 34-34, Heidel properly gave notice that he claimed "certain retirement benefits" as exempt.

Adamar of N.J., Inc. v. Heidel, No. 98-508-A at 4 (E. D. Va. July 2, 1998).

[8] We wish to make it clear, however, that we do not, by our ruling in this appeal, endorse the apparently extensive use by the bankruptcy bar of pre-printed and computerized forms such as the one utilized by Heidel's counsel for his original Schedule C. In our view, the use of such a form created and exacerbated much of the dispute here. It appears to us that over-reliance by counsel upon the use of such forms simply enhances the probability of shoddy legal work, and is not to be encouraged. For the record, we note that Heidel's current counsel did not represent him before the bankruptcy court.

Additionally, we find it significant that Heidel also claimed his retirement benefits as exempt on his Homestead Deed, which he filed within the time limit imposed by Virginia Code § 34-17. The purpose of that time limit is to finalize available exemptions and the procedure for claiming those exemptions. In re Edwards, 105 B.R. 10 (Bankr. W.D. Va. 1989); In re Haynesworth, 145 B.R. 222, 226 (Bankr. E.D. Va. 1992). It is well settled that the exemption statutes in Virginia are to be liberally construed in favor of the debtor. Tignor v. Parkinson, 729 F.2d 977, 981 (4th Cir. 1984). There can be no doubt that, in this case, all of the parties were aware, within the time frame set forth by Virginia Code § 34-17, that Heidel intended to claim his retirement benefits as exempt. To hold otherwise would, in our view, vault form over substance in an area of the law in which substance is undisputably the ultimate concern.

III.

Because we conclude the bankruptcy court's findings of fact were not clearly erroneous, the district court's order is affirmed.

AFFIRMED