In re Lawrence R. MAGINNIS, Nancy O. Maginnis, Debtors.

Bankruptcy No. 81–00204–A.

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Oct. 29, 1982.

---

**3.** *Knight Realty* arose under the Bankruptcy Act of 1898, however, the same result could be reached under the Code.

John W. Thyden, Springfield, Va., for debtors.

Richard J. Stahl, Annandale, Va., Trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The Trustee in Bankruptcy in the above-styled case has applied for a turnover by the debtors of certain china, silver flatware and silver goblets, having an appraised value of $2,795.00. In the alternative, the trustee has requested that Nancy O. Maginnis turn over funds equal to one half of the value of said property, or $1,397.50.

The debtors oppose the trustee's application and, in addition, have filed an amended Schedule B-4 to the original schedules filed with their petition. In the amended schedule the debtors seek to exempt the silver flatware and some of the china under Section 34-26 of the Code of Virginia (1982 Supp.), rather than by Homestead Deed under Section 34-4, Code of Virginia (1982 Supp.), as amended. In addition, the debtors argue that the silver goblets are the sole property of Nancy O. Maginnis and, as such, properly were exempted by her in her Homestead Deed. The trustee objects to amendment of the debtors' schedules.

Virginia law provides debtors with two methods for setting apart property as exempt from the actions of creditors. Debtors are entitled to the benefits of both exemption methods. Section 34-4 of the Code of Virginia permits a debtor to exempt real or personal property up to a value of $5,000.00. To avail himself of this exemption, a debtor must list the property in

a Homestead Deed filed in the jurisdiction in which the debtor resides on or before the date of filing a voluntary petition in this Court. Va.Code § 34–17. Section 34–26 of the Code of Virginia permits a debtor to exempt certain enumerated articles. There is no limit on the value of the articles exempted under Section 34–26, no time specified for setting aside qualifying property, and no procedure specified for claiming the property as exempt.

Section 521 of the Bankruptcy Reform Act of 1978 ("Bankruptcy Code") requires a debtor to file schedules of assets and liabilities. 11 U.S.C. § 521. These schedules provide for the listing of exempt property. Bankruptcy Rule 110 further provides that a debtor may amend his schedules "as a matter of course at any time before the case is closed". Rule 110, Rules of Bankruptcy Procedure.

The original schedules filed with the debtors' petition and the Homestead Deed filed by Nancy O. Maginnis claimed the property in question exempt under Virginia Code § 34–4. Accordingly, this property is not now part of the bankruptcy estate or in the constructive possession of the Trustee. 11 U.S.C. § 522.

The liberal amending provision of Bankruptcy Rule 110 and the absence of a time restraint in Virginia Code § 34–26 make clear the right of the debtors to effect the requested change in method for claiming this property as exempt. If the property at issue qualifies for exemption under Va.Code § 34–26 and, by virtue of having been exempted by Homestead Deed at the inception of the case, has not passed into the bankruptcy estate, the debtors may amend their Schedule B–4 to reflect the change in exemption method. Indeed, the only procedure by which exemptions under Va.Code § 34–26 may be claimed in bankruptcy is listing the property in Schedule B–4.

The Court finds that the silver flatware and china at issue herein qualify for exemption under Va.Code § 34–26. Accordingly, the Court overrules the objection of the trustee and grants the debtors leave to amend Schedule B–4 to their petition in the manner set forth in their proposed amended Schedule B–4 filed April 29, 1982. The trustee's request for turnover of this property will be denied.

Regarding ownership of the silver goblets, Nancy O. Maginnis testified at a hearing held April 29, 1982 that the goblets were wedding gifts. She testified further that she received the goblets at her parents' home, from a friend of her family, prior to her marriage.

Wedding gifts do not, as a principle of law, become the joint property of husband and wife. *Samson v. Samson,* 1 All Eng. 653 (1960); 38 Am.Jur.2d, *Gifts,* § 78 (1968); *See,* 75 A.L.R.2d 1360. No presumption as to ownership may be indulged but the expressed intention of the donor and the intention also of the wedded couple must be considered. *Avnet v. Avnet,* 204 Misc.2d 760, 124 N.Y.S.2d 517 (1953).

The testimony of Nancy O. Maginnis here indicates probable intent on the donor's part to give the silver goblets to her, rather than to the couple jointly. It is clear that this was the understanding of Mrs. Maginnis in receiving them. Accordingly, the Court finds that the silver goblets are the sole property of Nancy O. Maginnis and were, therefore, properly included in her Homestead Deed.

The amended Schedule B–4 filed herein indicates an increase in value for these goblets, reflecting the results of an appraisal of all the property at issue here. Having set apart the silver goblets in her original Homestead Deed, Mrs. Maginnis may increase the value originally stated for the goblets in both the Homestead Deed and the schedules filed with this Court. *In re Waltrip,* 260 F.Supp. 448 (E.D.Va.1966). Mrs. Maginnis, having removed the silver flatware and some of the china from her Homestead Deed exemption and claimed the articles exempt under Virginia Code § 34–26, this increase may be accomplished without exceeding the $5,000.00 limit imposed by Virginia Code § 34–4 for property exempted by Homestead Deed. Accordingly, the trustee's request for turnover of this property will be denied.

 

The trustee's alternative request for a cash payment in lieu of turnover also will be denied.

An appropriate Order will enter.