**MICHIGAN SUPERVISORS' UNION; Office & Professional Employees International Union; William T. Gannon, on behalf of himself and all other similarly situated supervisory security personnel employed by Defendant; and Travis Jones, on behalf of himself and all other similarly situated civilian employees of Defendant, Plaintiffs,**

v.

**STATE OF MICHIGAN; Department of Corrections; and Department of Civil Service, Defendants.**

No. 5:91:CV:47.

United States District Court, W.D. Michigan.

March 4, 1993.

Michael D. Sanders, Jeffrey L. Nyquist, Foster, Swift, Collins & Smith, PC, Lansing, MI, for plaintiffs.

Linda M. Olivieri, Lamont M. Walton, Asst. Attys. Gen., Frank J. Kelley, Atty. Gen., Lansing, MI, for defendant Michigan Dept. of Corrections.

### OPINION

ENSLEN, District Judge.

This case is before the Court on the parties' cross-motions for partial summary judgment under Federal Rule of Civil Procedure

56. Specifically, each side believes that it is entitled to judgment on counts I & II of plaintiffs' second amended complaint. The underlying dispute is an action for recovery of unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* This case is brought as a class action under section 16 of the FLSA, 29 U.S.C. § 216.

### Facts

Plaintiffs are employees of the Michigan Department of Corrections. There are two classes of employees in this action. Specifically, one class consists of supervisors of security personnel in correctional institutions ("Supervisors"). The other class consists of civilian employees of the Department of Corrections ("Civilians"). The plaintiffs are divided into two classes because, as alleged, they are entitled to overtime pay at different rates. That is, it is alleged that civilians may receive overtime pay at a rate of one-and-one-half times their regular hourly rate in excess of forty in a work week. Supervisors can only receive overtime pay for hours worked in excess of eighty-six (86) in a fourteen day pay period. 29 U.S.C. § 207(k).

Plaintiffs argue that they are entitled to judgment as a matter of law on counts I & II of their complaint because they are not exempt from FLSA protection. As the parties concede, whether plaintiffs are exempt from FLSA protection is the threshold question in this motion. If I find that plaintiffs are exempt under the FLSA, then, as a matter of law, defendants will be granted judgment as to counts I & II. If, on the other hand, I find that plaintiffs are not exempt, then, the next question I must examine is whether defendants "willfully" violated the FLSA (and whether I can make a decision on this question as a matter of law).

### Standard

■ In reviewing a motion for summary judgment pursuant to Rule 56, this Court should only consider the narrow questions of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a Rule 56 motion, the Court cannot resolve issues of fact, but is empowered to determine only whether there are issues in dispute to be decided in a trial on the merits. *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987); *In re Atlas Concrete Pipe, Inc.,* 668 F.2d 905, 908 (6th Cir. 1982). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *Booker v. Brown & Williamson Tobacco Co., Inc.,* 879 F.2d 1304, 1310 (6th Cir.1989).

A motion for summary judgment requires this Court to view " 'inferences to be drawn from the underlying facts ... in the light most favorable· to the party opposing the motion.' " *Matsushita Electric Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962)), *quoted in Historic Preservation Guild v. Burnley,* 896 F.2d 985, 993 (6th Cir.1989). On the other hand, the opponent has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a *genuine issue for trial.*' " *Historic Preservation,* 896 F.2d at 993 (quoting *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356).

As the Sixth Circuit has recognized and consistently emphasized, recent Supreme Court decisions encourage the granting of summary judgments where there are no material facts in dispute. *Historic Preservation,* 896 F.2d at 993 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The courts have noted that the summary judgment motion may be an "appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Cloverdale Equipment Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir.1989) (quoting *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555). Consistent with the concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving

party's] positions will be insufficient." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. "Mere allegations do not suffice." *Cloverdale,* 869 F.2d at 937. "[T]he party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." *Id.*

### Discussion

■ As discussed above, the threshold issue here is whether plaintiffs are exempt from protection under the FLSA. As the parties state, the answer to this question in this case turns on whether plaintiffs are paid "on a salary basis" as defined under 29 C.F.R. § 541.118(a). "Salary basis" is defined under this section as:

> An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of his work performed.

*Id.*

Plaintiffs allege that they are not paid "on a salary basis" because (1) their pay is subject to reductions for absences of less than one day's duration; and (2) they are subject to rigid attendance and timekeeping requirements indicative of non-salaried status.

Defendants respond plaintiffs are paid on a salary basis because any reduction in pay for absences of less than one day's duration is "only theoretical." Defendants' Brief at 9. That is, defendants assert that plaintiffs' pay has never been reduced because of absences of less than a day. Plaintiffs do not dispute this fact.

■ As both parties point out, exemptions to the FLSA are to be narrowly construed in order to further Congress' goal of providing broad federal employment protection. *Mitchell v. Lublin, McGaughy & Assoc.,* 358 U.S. 207, 211, 79 S.Ct. 260, 263, 3 L.Ed.2d 243 (1959). Employers who claim that an exemption applies to their employees not only have the burden of proof, *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–

97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974), buy they must show that the employees fit "plainly and unmistakenly within [the exemption's] terms." *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960).

The issue in this motion boils down to the following: does a public employee have to show that his/her pay was reduced because of absences of less than a day in order to be considered a non-salary employee under the FLSA (and federal regulations promulgated thereunder)—or—is it enough for the public employee to show that there is a theoretical chance that he/she could be subject to pay reduction for absences of less than one day? A number of courts have addressed this issue with varying outcomes. For instance, in *Abshire v. County of Kern,* 908 F.2d 483 (9th Cir.1990), the Ninth Circuit held that plaintiffs were not paid "on a salary basis" because their pay was subject to reduction for absences of less than one day even though no such deductions had ever been made. *Id.* at 487; *see also Martin v. Malcom Pirnie, Inc.,* 949 F.2d 611, 616–17 (2d Cir.1991); *Banks v. City of North Little Rock,* 708 F.Supp. 1023, 1024 (E.D.Ark.1988); *Hawks v. City of Newport News,* 707 F.Supp. 212, 215 (E.D.Va. 1988); *Knecht v. City of Redwood City,* 683 F.Supp. 1307, 1311 (N.D.Cal.1987).

On the other hand, in *Atlanta Professional Firefighters v. Atlanta,* 920 F.2d 800 (11th Cir.1991), a city ordinance required that all employees' compensation be decreased for arriving late or for violating other bureau regulations. Notwithstanding this unambiguous language, the Eleventh Circuit held that because captains of the fire department had never in fact suffered a reduction in pay due to the lost time of less than a full day, they are paid on a "salary basis." *Id.* at 805; *see also Harris v. District of Columbia,* 709 F.Supp. 238, 241 (D.D.C.1989); *D.C. Nurses Ass'n v. District of Columbia,* 29 Wage & Hour Cas. (BNA) 868, 1988 WL 156191 (D.D.C.1988); *Michigan Ass'n of Governmental Employees v. Michigan Dept. of Corrections,* No. 5:91–CV–70, 1992 WL 226915 (W.D.Mich.1992) (Judge Bell) (hereinafter "*M.A.G.E.*").

The Sixth Circuit has not addressed this issue. However, Judge Bell, my colleague in the Western District of Michigan, has held in

accord with the *Atlanta Firefighters* line of cases cited, *supra.* Judge Bell distinguished *Abshire* by noting that there was "clear policy language and the consensus that the employees would be subject to a reduction in pay for less than a day's absence (in *Abshire*)." In other words, unlike *M.A.G.E.*, the reduction in pay for less than a day's absence was not theoretical in *Abshire.*

Interestingly, in *M.A.G.E.*, Judge Bell examined a large part of the evidence that is before this Court.[1] Specifically, Judge Bell considered the Michigan Civil Service Compensation Manual and an affidavit of Jan Miller, Director of Labor Relations for the Michigan Department of Corrections, in rendering his decision that reduction in pay was only theoretical for the *M.A.G.E.* plaintiffs.

In the case before the Court, the parties have also submitted for my consideration the Michigan Civil Service Compensation Manual and an affidavit of Jan Miller. Plaintiffs here have submitted additional information that Judge Bell probably did not have before him, including affidavits of Travis Jones (civilian employee with the Department of Corrections) and William Gannon (supervisor with the Department of Corrections); an Employee Handbook for the Department of Corrections; a policy directive and memo. Plaintiffs suggest that all of this information goes to the proposition that they were not salaried employees.

After reviewing this material, the Court finds that plaintiffs still have not shown, in Judge Bell's words, that "their compensation has never *in fact* been reduced for a partial day's absence. Their concern is merely a

theoretical argument based upon the ambiguous state policy manual that they would have been subject to pay reductions for absences of less than 8 hours if they had used up their annual leave."[2] *M.A.G.E.* at *2. Accordingly, I find that plaintiffs in this case are "salaried" as defined under 29 C.F.R. § 541.-118(a). Thus, they are exempt under the FLSA. Defendants' motion for summary judgment as to counts I & II is granted.[3]

---

1. The parties in *M.A.G.E.* were nearly identical to the parties in the case before this Court: Department of Corrections employees (plaintiffs) and the Michigan Department of Corrections (defendant).

2. I find Judge Bell's opinion persuasive. Although judges within the same district are not bound by each other's opinions as a matter of law, departure from an intra-district precedent is not to be taken lightly. I, therefore, see no reason to accept plaintiffs' invitation to create an intra-district conflict.

3. I note that the parties have brought to the Court's attention a relatively recent Department of Labor regulation adopted on September 6, 1991. *See* 29 C.F.R. § 541.5d. This rule provides that public employees who otherwise quali-

fy as "salary basis" employees and are exempt from the overtime provisions of the FLSA will not be disqualified from their exemption solely because they are subject to a pay reduction for lost time of less than a day's duration. Plaintiffs argue that at least two district courts have held this rule to be in violation of the Administrative Procedures Act, 5 U.S.C. § 553(b) & (c). *See, e.g., Service Employees Int'l Union, Local 102 v. County of San Diego,* 784 F.Supp. 1503 (S.D.Cal. 1992). Plaintiffs here have not explicitly argued (or presented evidence) that this regulation is invalid. Because the parties have not briefed the question whether this regulation is valid, I will not rule on this issue. Additionally, because I have ruled against plaintiffs under 29 C.F.R. § 541.118(a), I need not reach this issue.