**Debra M. BRYANT and William A. Bryant, Appellants,**

v.

**W. Alan SMITH, Jr. Trustee, and Crestar Bank, Appellees.**

**Civ. A. No. 93–0038–L.**

United States District Court,
W.D. Virginia,
Lynchburg Division.

Feb. 17, 1994.

---

Laurence P. Morin and Sidney H. Kirstein, Lynchburg, VA, for cross-appellees-appellants.

Alexander Wayne Bell, Alexander W. Bell Law Firm and Leighton Summerson Houck, Caskie & Frost, Lynchburg, VA, for cross-appellants-appellees.

## MEMORANDUM OPINION

WILSON, District Judge.

The debtors, Debra M. Bryant and her husband William A. Bryant, appeal the bankruptcy court's decision finding that they are not entitled to homestead or retirement benefits exemptions because they were untimely in claiming them. The bankruptcy trustee, W. Alan Smith, Jr., and a creditor, Crestar Bank, appeal the bankruptcy court's determination that the debtors are entitled to a poor debtor's exemption. The appeals also raise related issues concerning the timeliness of the filing of the schedule of assets. This court affirms in part, reverses in part, and remands.

## I.

The debtors filed a voluntary Chapter 7 petition on October 21, 1992. On October 26, 1992 the clerk gave notice that the initial § 341 meeting of creditors would be held on November 17, 1992. Before the initial meeting, debtors' counsel apprised the trustee that the schedules would not be filed by the November 17, 1992 creditors' meeting because appraisals were needed for the schedules. The debtors did not appear at the initial meeting of creditors on November 17, 1992, but their counsel was present. The trustee adjourned the meeting until December 1, 1992. The debtors filed the schedules on November 30, 1992. The schedules listed the debtors' equity in various parcels of real property and listed various personal property, including a retirement account, as exempt. On December 1, 1992 the meeting of creditors was adjourned on Crestar's motion until December 15, 1992, and the debtors filed their homestead deed. The homestead deed listed the same property that was listed in the schedules. At the December 15, 1992 meeting Crestar and the trustee objected to the exemptions claimed by the debtors and to the schedules as untimely. On December 21, 1992 the debtors filed a motion seeking an extension of time for the filing of the schedules.

The debtors contended that their late filing of the schedules should be excused because the complexity of the debtors' business affairs delayed appraisals that the debtors felt were necessary for the schedules. They also contended that they were simply following local practice and that the trustee had authorized the late filings. The bankruptcy court found that those contentions were "not supported by the evidence" and that there was neither cause shown nor excusable neglect for the late filing. The bankruptcy court concluded, nevertheless, that the late filing did not act as a waiver of the exemptions.

The debtors claimed exemptions under Virginia Code §§ 34–4, 34–26, 34–34. Virginia Code § 34–4 establishes a homestead exemption; § 34–26 establishes a poor debtor's exemption; and § 34–34 establishes an exemption for certain retirement benefits. The bankruptcy court held that the exemptions claimed under §§ 34–4 and 34–34 were waived because Virginia Code § 34–17 requires a debtor who claims an exemption in

real or personal property to "set such real or personal property apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341, but not thereafter." Va.Code Ann. § 34–17 (Michie 1990). Virginia Code § 34–14, in turn, establishes the manner in which personal property is to be set apart—the filing of a homestead deed. The bankruptcy court found, however, that §§ 34–14 and 34–17 did not apply to the poor debtor's exemption of Virginia Code § 34–26. In so ruling, the bankruptcy court recognized, but declined to follow, a contrary decision from this court, *Myers v. American Nat'l Bank & Trust Co.*, No. 89–01401, 1990 WL 542803, 1990 U.S. Dist. LEXIS No. 19849, (W.D.Va. Oct. 4, 1990) (Kiser, J.), *affirmed by unpublished memorandum opinion,* No. 90–2482, 1991 WL 161487, 1991 U.S.App. LEXIS No. 19698 (4th Cir. August 23, 1991). These appeals followed.

## II.

The Bankruptcy Code establishes exemptions available to debtors in bankruptcy. 11 U.S.C. § 522. Pursuant to the Code, Virginia has opted to provide its own exemptions. *See* Va.Code Ann. § 34–3.1 (Michie 1990). In the instant case, the debtors have claimed the homestead exemption established by Virginia Code § 34–4 and the retirement benefits exemption established by Virginia Code § 34–34. Each of those exemptions must be claimed within the time limits prescribed by Virginia Code § 34–17. Section 34–17 requires a debtor who claims an exemption in real or personal property to "set such real or personal property apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341, but not thereafter." Because the first meeting of creditors pursuant to § 341 was scheduled for November 17, 1992, and the debtors did not claim their exemptions until December 1, 1992, the bankruptcy court found that those exemptions were waived. The debtors contend that the bankruptcy court misconstrued

Virginia Code § 34–17 and that, even if the bankruptcy court properly construed § 34–17, they still did not waive their exemptions because they were not given required notice of the initial § 341 meeting. This court rejects both contentions.

■ Debtors assert that in enacting the present version of § 34–17 the Virginia General Assembly intended for them to have until five days after the § 341 meeting of creditors was actually held to claim their exemptions.[1] The court finds no meaningful legislative history to support that assertion, and rejects it because it is contrary to the plain meaning of the statute. The statute expressly requires exempt property to be set apart "on or before the fifth day after the date *initially* set for the meeting held pursuant to 11 U.S.C. § 341." Va.Code Ann. § 34–17 (Michie 1990) (Emphasis added). It does not read, as debtors would have it read, that exempt property is to be set apart "on or before the fifth day after the date of the meeting *held* pursuant to 11 U.S.C. § 341." To reach the conclusion that the operative date is the date the § 341 meeting is actually held, debtors would have the court ignore entirely the "initially set" language and focus instead on the "held pursuant to 11 U.S.C. § 341" language of the statute. The court is constrained, however, to read that language in context and the statute as a whole.[2]

■ The debtors also assert that they did not receive adequate notice of the § 341 meeting. They argue that the § 341 meeting should not have been held sooner than twenty-three days after the date the clerk gave notice of the meeting. They contend that Bankruptcy Rule 2002(a)(1) entitled them to at least twenty days notice and, because notice of the § 341 meeting was served by mail, the debtors assert that Bankruptcy Rule 9006(f) adds three days to the prescribed twenty day time period. Thus, debtors' argument continues, because there were only twenty-two days between the date of notice

---

1. Before this section was amended by the General Assembly in 1990, 1990 Acts ch. 942, a debtor was required to file a homestead deed claiming the exemption no later than the date he filed his petition in bankruptcy. *See In re Calhoun,* 47 B.R. 119 (Bankr.E.D.Va.1985).

2. In context, the "meeting held pursuant to 11 U.S.C. § 341" language simply describes the *kind* of meeting that triggers the requirement to set aside exempt property.

and the date the hearing was scheduled, that notice was defective. The bankruptcy court rejected that argument, reasoning that Bankruptcy Rule 9006(f) "applies only when there is a right or requirement to do something 'within a prescribed period after service of a notice.'" Therefore, according to the bankruptcy court, Bankruptcy Rule 9006(f) applies "when the deadline date itself is determined by counting from the date of service."

This court agrees with the bankruptcy court. Rule 9006(f) provides:

> When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

Thus, "[b]y its terms, Rule 9006(f) applies when a time period begins to run after service."[3] *Arbuckle v. First Nat'l Bank (In re Arbuckle)*, 988 F.2d 29, 31 (5th Cir.1993). In the instant case, the notice simply set the date of the § 341 meeting. The notice did not set a time period that began to run after service. It follows that Rule 9006(f) did not add three days to the twenty day notice requirement of Bankruptcy Rule 2002(a)(1). Accordingly, notice of the § 341 meeting was proper, and the debtors had five days from the initially set meeting date to set apart property to be exempted under Va.Code §§ 34–4 and 34–34.[4]

### III.

The debtors also claimed the poor debtor's exemption of Virginia Code § 34–26. The bankruptcy court found that the provisions of Virginia Code §§ 34–14 and 34–17 did not apply to that exemption. As previously stated, the bankruptcy court recognized, but declined to follow, a contrary unpublished decision from this court, *Myers v. American*

*Nat'l Bank & Trust Co.*, No. 89–01401, 1990 U.S. Dist. LEXIS No. 19849 (W.D.Va. Oct. 4, 1990) (Kiser, J.). The bankruptcy court recognized that ordinarily pursuant to the Rules of Procedure of the Fourth Circuit, unpublished opinions from the Court of Appeals are not precedent, see Fourth Cir. I.O.P. 36.6, but that the district court has no similar rule. The bankruptcy judge simply concluded that he was free to disregard the decisions of this court. That conclusion was in error. This court finds, however, that the bankruptcy court's decision should not be reversed because of that error.

 The bankruptcy court is not an Article III court. "The bankruptcy court functions as an adjunct of the district court." *Hatcher v. Miller (In re Red Carpet Corp.)*, 902 F.2d 883, 890 (11th Cir.1985). *See also Grewe v. United States (In re Grewe)*, 4 F.3d 299, 304 (4th Cir.1993). A bankruptcy judge is no more free to ignore the clear precedent of the district court than is a United States Magistrate Judge. *Contra First of America Bank v. Gaylor (In re Gaylor)*, 123 B.R. 236 (E.D.Mich.1991). Moreover, even apart from his adjunct status, the bankruptcy judge is no more free to disregard the precedent of this court, than this court is free to disregard the precedent of the Court of Appeals or the Supreme Court. If a bankruptcy judge concludes that the clear, *non-conflicting* precedent of this court was wrongly decided he must, nevertheless, follow that precedent.[5] Therefore, the bankruptcy judge erred when he declined to follow *Myers*.

 Although the bankruptcy court is bound to follow the opinions of the district judges of this district so long as those opinions are not in conflict, the district judges are not bound by each others' opinions. Those opinions are, however, persuasive authority entitled to substantial deference. *Michigan*

---

3. Rule 9006(f) is modeled after Federal Rule of Civil Procedure 6(e). "[T]he purpose of rule 6(e) is only to guarantee that parties served personally have no advantage over those served by mail. The rule accordingly applies only when the 'prescribed period' is fixed by the date on which notice is served." *Oppenheim, Appel, Dixion & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 395 (5th Cir.1989).

4. In any event, debtors did not file a timely objection to the notice of the § 341 meeting.

5. Of course, his cogent analysis of why he believes the precedent is in error should be carefully reviewed in the district court given the bankruptcy judge's acknowledged, practical perspective on the application of the Bankruptcy Code.

*Supervisor's Union v. Michigan,* 826 F.Supp. 1081, 1084 n. 2 (W.D.Mich.1993). With that in mind, the court has carefully reviewed *Myers* and reluctantly declines to follow it.

■ In deciding *Myers* the court rejected *In re Maginnis,* 24 B.R. 146 (Bankr.E.D.Va. 1982), which held that "[t]here is no limit on the value of the articles exempted under Section 34–26, no time specified for setting aside qualifying property, and no procedure specified for claiming the property as exempt." *Id.* at 148.[6] According to *Maginnis,* "the only procedure by which exemptions under Virginia Code § 34–26 may be claimed *in bankruptcy* is listing the property in Schedule B–4." *Id.* at 148 (emphasis added). As stated before, Virginia Code § 34–4, which is contained in Chapter Two of Title 34, is subject to the provisions of Virginia Code §§ 34–14 and 34–17 which together require the filing of a homestead deed describing the property to be exempted within five days of the date initially set for the meeting of creditors. According to *Myers,* however, "no provision [was] specified for securing the exemptions of Chapter Three of Title 34, which includes the poor debtor's exemption, or for securing the exemptions of Chapter Four of Title 34." Thus, the court reasoned in *Myers,* if *Maginnis* were followed "there would be no procedure for a debtor to claim exemptions under chapters 3 and 4 of Title 34 outside of the bankruptcy arena," a result the legislature could not have intended. This court disagrees with that reasoning.

Although this court agrees that there is no procedure similar to the filing of a homestead deed to secure the poor debtor's exemption, a debtor may nevertheless claim the exemption when confronted with a levy or a writ of fieri facias. As stated in *Burks Pleading and Practice:*

> It is not necessary to "set apart" the articles constituting this exemption by any writing. They are *selected by the householder,* or his agent and are simply *held.*

T. Munford Boyd and William W. Koontz, *Burks Pleading and Practice* § 454 at 879

6. After *Maginnis* was decided, the legislature placed value limits on some of the poor debtor's exemptions. *See e.g.* Va.Code Ann. § 34–26(2)

(4th Ed.1952). *See also* Note, *Rights of Decedents to Poor Debtors' Property Under the Virginia Code,* 23 Va.Law Rev. 93, 95 (1937) ("The procedure and the rights of the dependents in regard to the poor debtors' property is not exactly the same as in regard to the homestead property.... First of all, the homestead property must be set apart in a writing which must be recorded as deeds are recorded. No writing or setting apart is required as to the poor debtor's property.") The debtor also may enjoin the sale of exempt property. Va.Code Ann. § 34–2. Therefore, apart from bankruptcy, procedures are available to secure the poor debtor's exemptions of Virginia Code § 34–26. Accordingly, the court will follow *Maginnis,* not *Myers.* This conflicting result within the district should have minimal impact and will be short lived because in 1993 the Virginia legislature amended Virginia Code § 34–14 to provide that a homestead deed "shall not be required to secure any exemption under this code except those exemptions created by §§ 34–4, 34–4.1, and 34–13." *See* Va.Code Ann. § 34–14 (Supp.1993).

## IV.

■ The debtors' schedules were not timely filed. The court finds that untimely filed schedules waive a debtor's exemption unless the untimely filing is permitted by the bankruptcy judge in his discretion for cause shown or excusable neglect. "Cause shown" is a liberal standard investing the bankruptcy judge with considerable flexibility. The same might also be said for "excusable neglect" which "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). In the present case, the bankruptcy judge concluded that there was no waiver of exemptions although he found no cause shown or excusable neglect for the late filing. That conclusion was in error. It appears, however, that the bankruptcy judge understated the extent of his discretion in permitting the late filing of schedules and that he defined "excusable

(Michie 1990) (placing value limit on exemption for family heirlooms).

neglect" too narrowly because he did not have the benefit of the Supreme Court's recent decision in *Pioneer.*

◾ Generally speaking, Bankruptcy Rule 1007 requires a debtor in a voluntary Chapter 7 case to file his schedule of assets with his petition, or if his petition is accompanied by a list of all his creditors and their addresses, within 15 days of the date the petition is filed. Pursuant to Bankruptcy Rule 4003, the schedule must list the property claimed as exempt. In the present case, Bankruptcy Rule 1007 required the debtors to file their schedules by November 5, 1992. Yet, they did not file those schedules until November 30. Bankruptcy Rule 1007(c), nevertheless, permits the bankruptcy court to extend the filing time for cause shown. The cause shown language of Bankruptcy Rule 1007(c) is also used in F.R.C.P. 6(b)(1) of the Federal Rules of Civil Procedure and has the same meaning. F.R.C.P. 6(b)(1) requires the party seeking an enlargement of time simply to "demonstrate some justification for the issuance of the order." 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1165 at 475 (1987). An application for an extension of time under F.R.C.P. 6(b)(1) "normally will be granted in the absence of bad faith or prejudice to the adverse party." *Id.* The same is true under Bankruptcy Rule 1007. Moreover, the bankruptcy judge may exercise his discretion to enlarge the time period for the filing of schedules under Bankruptcy Rule 1007 on motion made for cause shown before or after the time has run for the filing of the schedules. In that regard, there is more flexibility to permit a late filing under Bankruptcy Rule 1007 than under F.R.C.P. 6(b), which permits enlargement on cause shown only before the time period sought to be enlarged has expired and after it has expired only on a showing of excusable neglect.

◾ In addition to Bankruptcy Rule 1007, Bankruptcy Rule 9006(b) permits the bankruptcy court to enlarge some of the time periods prescribed by other bankruptcy rules. Bankruptcy Rule 9006(b)(1), like F.R.C.P. 6(b) permits the bankruptcy court to enlarge the time periods prescribed by other bankruptcy rules, with certain enumerated exceptions, simply on cause shown if the motion for enlargement is made before the time period has expired, and on a showing of excusable neglect after the time period has expired.[7] *See Pioneer,* —— U.S. at ——, 113 S.Ct. at 1496 (concluding that Bankruptcy Rule 9006(b)(1) was "patterned after" F.R.C.P. 6(b)). Before *Pioneer* was decided by the Supreme Court, there was a conflict among the circuits as to whether excusable neglect under Bankruptcy Rule 9006(b)(1) required "a showing that the delay was caused by circumstances beyond the movant's control." *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1494 n. 3. The Fourth Circuit was of the view that such a showing was necessary. *See Davis v. Columbia Constr. Co. (In re Davis),* 936 F.2d 771, 774 (4th Cir.1991). Because this case was decided by the bankruptcy court before *Pioneer,* it was constrained by the Fourth Circuit's narrower view of excusable neglect.

◾ With a more liberal reading of cause shown and excusable neglect the bankruptcy judge may decide to exercise his considerable discretion to permit the late filing of the schedules. But this court rejects the conclusion that an unexcused late filing does not result in a waiver of exemptions—exemptions that must be listed on the schedules.[8]

## V.

In conclusion, the court will affirm the bankruptcy court's determination that the

7. Bankruptcy Rule 9006(b) provides in pertinent part:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b) also lists the instances in which enlargement is not permitted under the rule and the instances in which enlargement is limited under the rule. *See* Fed.R.Bankr.P. 9006(b)(2) and (3). None of those exceptions applies.

8. In determining whether there is excusable neglect *Pioneer* directs the court to take into ac-

debtors waived their exemptions under Virginia Code §§ 34–4 and 34–34 because they did not claim them in a timely manner under Virginia law. The court also will affirm the bankruptcy court's determination that the procedures of Virginia Code §§ 34–14 and 34–17 do not apply to the poor debtor's exemption of § 34–26. The court will reverse, however, the bankruptcy court's determination that an unexcused late filing of schedules does not waive the exemptions that must be listed on those schedules. The court will remand the issue of the untimely filed schedules for further consideration of whether the bankruptcy court should permit the filing for cause shown or excusable neglect.

### FINAL ORDER

In accordance with the court's memorandum opinion entered on this date, it is **ORDERED** and **ADJUDGED** that the decision of the bankruptcy court be and the same, hereby, is affirmed in part, reversed in part, and remanded for further consideration, and this case is **ORDERED** stricken from the docket of the court.

count "all relevant circumstances surrounding the party's omission." *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1498. These include:

the danger of prejudice to the debtor [in the present case, the creditor], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer,* —— U.S. at ——, 113 S.Ct. at 1498. In balancing these factors, the debtors are "held accountable for the acts and omissions of their chosen counsel." *Id.,* —— U.S. at ——, 113 S.Ct. at 1499.