In re George M. GUNTHER, Debtor.

SALEM BANK & TRUST, N.A., Appellant,

v.

George M. GUNTHER, Appellee.

Civ. No. 94–0511–R.

United States District Court, W.D. Virginia, Roanoke Division.

Nov. 4, 1994.

Paul A. Driscoll, Andrew S. Goldstein, Roanoke, VA, for appellant.

Eric Roland Spencer, Roanoke, VA, for debtor/appellee.

## MEMORANDUM OPINION

WILSON, District Judge.

The United States Bankruptcy Court found that Salem Bank & Trust ("Salem Bank") wilfully violated the automatic stay of 11 U.S.C. § 362 and entered a $3000 judgment against it in favor of the bankrupt debtor, George M. Gunther, under the provisions of § 362(h). This appeal by Salem Bank questions the bankruptcy court's authority to permit, without a finding of excusable neglect under Bankruptcy Rule 9006(b), filings beyond the time specified in the bankruptcy court's order. This court concludes that when a time period is set by the court and not dictated by statute or rule, the court's discretion is not proscribed by Bankruptcy Rule 9006(b). Accordingly, this court affirms.

## I.

On July 24, 1991, Gunther filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. Salem Bank was listed as a creditor. On May 26, 1993, Salem Bank repossessed a vehicle jointly owned by Gunther and another person. After negotiations, Salem Bank agreed to return the vehicle. On August 26, 1993, Gunther moved for sanctions against Salem Bank for intentionally violating the automatic stay. In an order dated October 4, 1993, the bankruptcy court directed Gunther to examine his vehicle within ten days of its return and file a motion setting forth any damages to the vehicle, his expenses, and his attorney's fees. Salem Bank returned Gunther's vehicle on October 18, 1993. Gunther did not file the motion, however, until December 17, 1993. A hearing was held on January 24, 1994. Salem Bank objected to the hearing because Gunther filed the damages motion late. The bankruptcy court, nonetheless, proceeded without expressly excusing or even addressing the lateness issue. On May 13, 1994, the bankruptcy court awarded Gunther $500.00 for damages to his vehicle, $2,125.00 in attorney's fees, and $375.00 in punitive damages for Salem Bank's intentional violation of the automatic stay. Salem Bank now appeals to this court, raising the single issue of whether the bankruptcy court could permit the late filing without finding excusable neglect.

## II.

Generally speaking, Bankruptcy Rule 9006(b) governs enlargements of time in bankruptcy court proceedings. Rule 9006(b), which was patterned after Rule 6(b) of the Federal Rules of Civil Procedure, permits the bankruptcy court to enlarge the time periods prescribed by the other bankruptcy rules, with certain enumerated exceptions, simply on cause shown if the motion for enlargement is made before the time period has expired, and on a showing of excusable neglect after the time period has run:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

BANKRUPTCY RULE 9006(b)(1). Salem Bank maintains that the bankruptcy court could not extend the deadline it imposed without finding excusable neglect. The court disagrees.

■ The time periods prescribed by the rules of bankruptcy procedure may be enlarged only in accordance with Rule 9006(b). *See Bryant v. Smith,* 165 B.R. 176 (W.D.Va. 1994). However, "[a]s long as a district (or an appellate) court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir.1981). *See McLaughlin v. McPhail,* 707 F.2d 800, 805 (4th Cir. 1983) (finding that a bankruptcy court has the authority to reconsider its orders and may do so in its discretion). That "inherent procedural power" necessarily includes the authority to extend a deadline or time period for any reason the court, in its discretion, considers sufficient, so long as the deadline or time period is not imposed by statute or rule of procedure.[1]

### III.

For the reasons stated above, the court will affirm the bankruptcy court's decision.

---

1. Unless the context or a rule requires explicit findings for meaningful appellate review, when a bankruptcy court permits a late filing or submission without comment or formal order, presumably, it has tacitly amended the order or determined that the violation of that order merits no sanction. Any other rule would promote pure formalism.