**In re Ronald C. HEIDEL, Debtor.**

**Bankruptcy No. 97–15145(MVB).**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Dec. 22, 1997.

---

Russell B. Adams III, Chung & Press, P.C., McLean, VA, for Adamar of New Jersey, Inc.

Randall J. Borden, Fairfax, VA, for Ronald C. Heidel.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

Here we consider the objection of Adamar of New Jersey, Inc.'s ("Adamar") to an exemption claimed by the debtor in this action ("Heidel"). Heidel owns an interest in two Individual Retirement Accounts ("IRA") and has claimed the statutory amount as exempt. We first examine how an exemption for Individual Retirement Accounts is to be made in Virginia under Virginia Code section 34–34 and whether the debtor timely claimed as exempt his interest in the IRAs.

Heidel originally filed a Homestead Deed exempting his IRAs on August 18, 1997, four days after the first meeting of creditors. Thereafter, on August 27, 1997, the debtor amended his Schedule C and Homestead Deed. On Schedule C, the debtor for the first time listed the IRAs to his list of exempt property, and on the Homestead Deed, he increased the amount claimed as exempt from $1.00 to $39,500.00.

Adamar, a creditor of the debtor, asserts that Heidel should not be allowed to claim the IRA's as exempt because he failed to timely set aside the IRAs as property claimed as exempt on Schedule C.[1] It was not until August 27, 1997, more than 5 days after the originally scheduled meeting of creditors that he listed for the first time on Schedule C the claim for the IRAs.

Adamar claims that because the debtor amended his Schedule C "well outside the time allowed under Va.Code § 34–17 ... in an attempt to exempt his IRAs under Va. Code § 34–34" he should be barred from claiming exemptions under § 34–34. Further, Adamar asserts that filing of a homestead deed does not cure the omission in that it does not permit the debtor to set apart as exempt retirement benefits under Va.Code § 34–34.

In response, Heidel notes that local rule 1009–1 freely permits amendments of schedules, and correctly asserts that the Bankruptcy Court for the Eastern District of Virginia consistently allows a debtor to claim an exemption originally in a nominal amount and thereafter grants the debtor the right to amend the original amount in both the Homestead Deed and Schedule C as long as the asset was properly identified initially and the total claimed exemption does not exceed

---

1. The debtor originally failed to list any items on Schedule C.

the applicable statutory limits. Additionally, the debtor cites authority wherein courts have recognized the use of a Homestead Deed to claim exemptions for retirement benefits pursuant to section 34–34. *Bryant v. Smith,* 165 B.R. 176, 178–79 (W.D.Va. 1994); *Thompson v. Board of Trustees of Fairfax County Police Officers Retirement System (In re Thompson),* 182 B.R. 140 (Bankr.E.D.Va.1995) (Bostetter, C.J.), *aff'd,* 92 F.3d 1182 (4th Cir.1996). However, these cases do not address the issue before the court today. *Thompson* permitted the debtor to exempt retirement benefits to a limited extent but there is no indication **how** the exemption was claimed. *Bryant* declined to permit the exemption because both ·the Homestead Deed and amendment of Schedule C were outside the 5 day time limit.

Further, the debtor observes that the purpose of filing of a Homestead Deed is to give all creditors notice by filing the deed with the land records. This is to apply to all debtors, both those who have filed for bankruptcy and those who have not.[2]

■ The issue in this case as to **how** retirement benefits are to be set apart, to the best of our knowledge, is one of first impression in the Fourth Circuit. Pursuant to Virginia Code § 34–34, certain retirement benefits, including the IRAs in the instant case, may be claimed as exempt if done within the time limits set forth in section 34–17. Section 34–17 provides that "[t]o claim an exemption in bankruptcy, a householder who (i) files a voluntary petition in bankruptcy ... shall set such real or personal property apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341, but not thereafter." Unfortunately, section 34–17 does not expressly identify how such property shall be set aside.

Section 34–14 provides for some property to be set aside by using a Homestead Deed which is the means by which a householder (or debtor in bankruptcy) sets aside as exempt from creditor process "[s]uch personal

estate selected by the householder ... **under § 34–4, 34–4.1, or 34–13** ...." Va.Code § 34–14. Notably absent from section 34–14 is section 34–34, the exemption statute at issue.

In the case at bar the debtor timely filed a Homestead Deed intending to exempt his interest in IRAs pursuant to section 34–34 and 34–4. After more than five days had elapsed from the date of the 341 meeting, the debtor amended the petition by amending Schedule C to include the full statutory amount of his IRAs to be claimed as exempt pursuant to section 34–34. However, Schedule C of the debtor's petition did not originally contain any reference to the IRAs as being claimed exempt prior to the expiration of the five days from the date of the initially scheduled creditors meeting.

The debtor relies on *Bryant v. Smith,* 165 B.R. at 178–79, where the court reviewed the debtor's attempt to exempt certain retirement benefits. The court found that the debtor in that case did not claim the exemption timely because the five day period in section 34–17 had expired prior to any attempt to exempt the property either by filing a Homestead Deed or amending Schedule C. *Id.* at 178–79. In affirming the bankruptcy court, the court found that the property was to be set apart within the specified time limit but did not indicate exactly how the exemption of retirement benefits was to be claimed. *Id.* Heidel asserts that because the court in *Bryant* stated in dicta that the debtors did not claim their exemptions until December 1, 1992, the day that the Homestead Deed was filed, that the filing of the Homestead Deed should be the controlling date for determining the timeliness of claiming the exemption. However, we find that this conclusion extends the court's reasoning beyond what was intended.

The debtors in *Bryant* also attempted to claim the poor debtor's exemption provided in section 34–26. However, the exemption was not claimed on their Schedule C until

---

2. Individuals not in bankruptcy are able to exempt retirement benefits **after** garnishment proceedings are commenced. The plaintiff is required to serve a Notice to the Judgment Debtor detailing how exemptions are claimed. The

debtor is then required to complete the form indicating that the benefits are to be exempted from garnishment and a hearing is held to determine the validity of the claimed exemptions. *See* Va.Code §§ 8.01–512.3 and –512.4.

more than 5 days after the originally scheduled meeting of creditors. In reversing the bankruptcy court's denial of that exemption, the court followed *In re Maginnis,* 24 B.R. 146, 148 (Bankr.E.D.Va.1982) (Bostetter, J.) which found that section 34–26 did not provide for a time limit to claim property as exempt under the statute and therefore the debtors should be permitted to amend their schedules to claim property as exempt under the statute. *Maginnis* reviewed the Bankruptcy Rules that permit the debtor to freely amend their schedules including the schedules to claim property as exempt. *Id.* at 148. Additionally, *Bryant* recognized the Bankruptcy Court's ability to use its discretion in flexibly applying the time limit to file schedules when cause is shown to excuse the deadline. Although permitting the debtors to file late schedules, *Bryant* refused to permit the debtor to claim the retirement benefits because the time within which to claim the exemption had expired. *Bryant,* 165 B.R. at 182–83.

Following the reasoning in *Maginnis,* this has court allowed exemptions to be added to Schedule C for property not originally listed on such schedule where the debtor retained the right to amend the schedules and there was no time limit within which the debtor must claim the property as exempt. *In re Hanes,* 162 B.R. 733, 735 (Bankr.E.D.Va. 1994) (Bostetter, C.J.) (permitting debtor to amend Schedule C to include exempt property nearly 5 months after filing original schedules). Additionally, courts in other jurisdictions have permitted amending Schedule C to provide for exempt property months and even years after originally filing for relief under title 11. *Halverson v. Peterson (In re Peterson),* 920 F.2d 1389 (8th Cir.1990) (permitting amendment of schedule to claim interest in property as exempt nearly two years after filing original petition); *In re Fournier,* 169 B.R. 282, 283 (Bankr.D.Conn. 1994) (permitting amendment of Schedule C to add exempt property nearly eight months after filing original petition). However, in each of these cases where amendments were allowed, there was no provision limiting the time within which the particular exemption must be claimed which is the critical factor in this case.

However, the concept of the ability to freely amend schedules to provide for exempt property is **not** the applicable issue at bar in this case and a review of the case law is necessary to distinguish those cases from the case at bar. The principal issue here is the manner in which property is to be set aside as exempt under 34–34 and 34–17 if it is not the type of property listed in 34–14.

■ As noted above, this is an issue of first impression in this Circuit. It is settled law that the exemption provisions are to be liberally applied in favor of debtors; *In re Meyer,* 211 B.R. 203, 213 (Bankr.E.D.Va. 1997) (Mitchell, J.) (citing *Tignor v. Parkinson (In re Tignor),* 729 F.2d 977, 981 (4th Cir.1984) (citing *South Hill Production Credit Association v. Hudson,* 174 Va. 284, 6 S.E.2d 668 (1940); *Atlantic Life Ins. Co. v. Ring,* 167 Va. 121, 187 S.E. 449 (1936)); *In re Hayes,* 119 B.R. 86, 88 (Bankr.E.D.Va.1990) (Shelley, J.); *In re Perry,* 6 B.R. 263, 264 (Bankr.W.D.Va.1980); *In re Williams,* 3 B.R. 244, 246 (Bankr.E.D.Va.1980) (Shelley, J.)), and that courts should allow for the liberal amendment of both Homestead Deeds and bankruptcy schedules, *In re Berkovics,* 50 B.R. 223, 225 (Bankr.E.D.Va.1985) (Bostetter, J.) (citing *In re Maginnis,* 24 B.R. 146 (Bankr.E.D.Va.1982); *In re Waltrip,* 260 F.Supp. 448 (E.D.Va.1966)); Fed.R.Bankr.P. 1009 (providing a debtor may also amend his schedules "as a matter of course" at any time prior to the closing of the case).

■ However, equally as important as the rule of law allowing for liberal application of exemption statutes and amendment rules, is the principal of applying the plain meaning of the statute wherein the court may not "read into [the statute] an exemption the legislature did not intend to create." *Meyer,* 211 B.R. at 213 (citing *Tignor v. Parkinson (In re Tignor),* 729 F.2d 977, 981 (4th Cir.1984); *Krippendorf v. Cassell (In re Cassell),* 151 B.R. 78, 81 (Bankr.W.D.Va.1993)). Section 34–34(G) clearly states " the exemption provided under this section must be claimed within the time limits prescribed by § 34–17." Va.Code § 34–34(G). Section 34–17 specifies that the property must be set aside within five days after the initially scheduled

meeting of creditors; and section 34–14 provides for only certain property to be set apart using a Homestead Deed. The remainder of the exemption statutes do not provide for the manner in which other property, not listed in section 34–14 should be set apart.

A careful review of the legislative history of section 34–34, which does not address how the property was to be set apart, and of section 34–14 which added the portion that limited the exemptions to be taken by filing a Homestead Deed to 34–4, 34–4.1 and 34–13, makes it clear that the legislature intended that the property specified be set apart by some means other than by filing a Homestead Deed. Under the Bankruptcy Code, there is no way to set apart property as exempt other than identifying it in Schedule C.

Section 34–34 was enacted in 1990 to permit a debtor who files for bankruptcy protection to maintain an interest in retirement benefits without encountering problems that would limit the ability to exempt the property under the state spendthrift trust laws which governed the exemption prior to the enactment of the statute. REPORT OF THE JOINT SUBCOMMITTEE STUDYING VIRGINIA'S EXEMPTION STATUTES, House Doc. No. 77, at 6–8 (1990). Upon its enactment, the statute contained section (G) which states "the exemption provided under this section must be claimed within the time limits prescribed by § 34–17." Va.Code § 34–34(G). As noted above, section 34–17 sets the 5 day time limit after the first scheduled meeting of creditors within which the debtor may claim an exemption.

Thereafter, in 1993, section 34–14, the provision that sets forth *how* an exemption may be claimed was amended to limit the use of Homestead Deeds to only sections 34–4, 34–4.1 and 34–13. 1993 VIRGINIA LAWS, Chapter 150. Clearly, the legislature was aware of the enactment of section 34–34 and nonetheless did not provide that retirement benefits under section 34–34 may be set apart by the use of a Homestead Deed. Because there is no other way in which property may be claimed as exempt, the inescapable conclusion is that the legislature intended for debtors to claim retirement benefits as exempt on their Schedule C within five days after the originally scheduled meeting of creditors.

Accordingly, we find that the debtor did not timely file his Amended Schedule C to claim the IRAs as exempt and therefore, Adamar's objection to the exemption is sustained.